John M. Kreutzer (OSB #973069)
jkreutzer@smithfreed.com
Smith Freed & Eberhard P.C.
111 SW Fifth Avenue, Suite 4300
Portland, Oregon 97204
Telephone: (503) 227-2424
Facsimile: (503) 227-2535

Attorneys for Plaintiff

## UNITED STATES DISTRICT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| NORBERTO MORENO,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHERN WINE GROUP, LLC, an Oregon Limited Liability Company, and CHRISTOPHER KIRK ERMISCH,<br><br>Defendants. | Case No.: 11-6227-TC<br><br>COMPLAINT<br><br>(FRAUDULENT REGISTRATION OF TRADEMARK; CANCELLATION OF TRADEMARK REGISTRATION; COMMON LAW TRADEMARK INFRINGEMENT; INJUNCTIVE RELIEF; TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP; BREACH OF CONTRACT)<br><br>[JURY TRIAL DEMANDED] |

Plaintiff alleges and complains as follows:

1.

This is an action for fraudulent registration of a trademark, cancellation of that trademark registration, common law trademark infringement, tortious interference with a business relationship, and breach of contract arising from Defendants' misappropriation of Plaintiff's trademark and breach of a contract providing for the importation of Plaintiff's wine into the United States for distribution and sale by Defendants.

/ / /

/ / /

Page 1 - COMPLAINT

503 B 1

ORX60000 6677

SMITH FREED & EBERHARD, P.C.
111 S.W. Fifth Avenue, 43rd Floor
Portland, Oregon 97204
Telephone (503) 227-2424
Facsimile (503) 227-2535

2.

Plaintiff Norberto Moreno is an individual working and residing in Argentina. He is a renowned winemaker, and owner of the "La Yunta" wine brand.

3.

Upon information and belief, Defendant Southern Wine Group, LLC is an Oregon limited liability company, with its principal place of business in Bend, Oregon. Southern Wine Group is an importer of South American wines. Its two members are Defendant Christopher Kirk Ermisch and his wife, Roxana Ermisch.

4.

Upon information and belief, Defendant Christopher Kirk Ermisch is an individual working and residing in Oregon. He is the founder and President of Southern Wine Group, LLC.

5.

This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1332(a)(2), and 28 U.S.C. § 1367(a). Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6.

Plaintiff Norberto Moreno ("Plaintiff") initially met Defendant Christopher Kirk Ermisch ("Ermisch") in or around 1997 or 1998 when Ermisch worked in Argentina for Kendall-Jackson. Plaintiff and Ermisch reconnected in or around 2001 after Ermisch left Kendall-Jackson and had formed his own company, Defendant Southern Wine Group, LLC ("Southern Wine Group"). Shortly after reconnecting, Plaintiff and Defendant Ermisch entered into an agreement ("Wine Commercialization Agreement") for Ermisch to import Torrontés wine made by Plaintiff into the United States.

7.

Plaintiff has always loved the term "La Yunta." When Plaintiff was a child, his father would often use the term when he saw Plaintiff and a friend performing tasks. In Argentina, it

Page 2 - COMPLAINT

SMITH FREED & EBERHARD, P.C.
111 S.W. Fifth Avenue, 43rd Floor
Portland, Oregon 97204
Telephone (503) 227-2424
Facsimile (503) 227-2535

colloquially refers to "two people pulling to the same side to achieve a common goal." Plaintiff developed the name for use in winemaking years before ever even meeting Ermisch, as Plaintiff thought the teamwork connotation fit well in the winemaking industry, such as between a wine and a winemaker, or two varieties of grapes in a wine. Once Ermisch approached Plaintiff about importing a wine that Plaintiff would create, Plaintiff told Ermisch of the name he would use for the wine brand, "La Yunta." Ermisch was unfamiliar with the term "La Yunta" and its meaning, but he liked it.

8.

Plaintiff paid an Argentinean graphic designer to draw the label artwork, depicting two guanacos, in 2001. The only input, constructive or otherwise, Ermisch or Southern Wine Group had regarding the wine label was suggestions as to the size of the label.

9.

The La Yunta wine labels were created and printed in Argentina at the direction of Plaintiff, and were paid for by Plaintiff.

10.

The first shipment of La Yunta wine to the United States from Argentina occurred in February of 2002. The wine was bottled, labeled, and ready for sale when it left Argentina.

11.

Plaintiff registered the mark "La Yunta" for wine with the Instituto Nacional de la Propiedad Industrial, Argentina's agency governing intellectual property registration and protection, on August 8, 2002. Plaintiff is the current owner of a valid Argentinean trademark for "La Yunta."

12.

Between February of 2002 and April of 2004, Plaintiff shipped 3,337 cases (12 bottles per case) of wine produced, bottled, and labeled in Argentina to the United States under the Wine Commercialization Agreement.

Page 3 - COMPLAINT

503 B 1

13.

In or about 2005, Ermisch suggested to Plaintiff that they switch to screw-top bottles. After that time, Plaintiff began importing tanks of unbottled wine into the United States for fractioning into bottles with screw-tops.

14.

After Plaintiff shipped a couple of tanks under the Agreement, on information and belief, Ermisch, unbeknownst to Plaintiff, began importing another Torrontés wine into the United States and selling it under Plaintiff's La Yunta brand, even using Plaintiff's La Yunta labels.

15.

On or about September 23, 2005, Ermisch filed a trademark application with the U.S. Patent and Trademark Office for the "La Yunta" mark. On information and belief, the registrant was later changed to Southern Wine Group.

16.

In or about 2006, Ermisch offered Plaintiff $12,000 for the La Yunta brand.

17.

The U.S. Patent and Trademark Office issued a trademark registration to Southern Wine Group for "La Yunta," Registration No. 3,217,144, on March 13, 2007.

## FIRST CLAIM FOR RELIEF

## (FRAUDULENT REGISTRATION OF TRADEMARK)

18.

Plaintiff realleges each of the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19.

Southern Wine Group's application for trademark registration included a declaration or verified statement signed by Ermisch on September 23, 2005, under penalty of fine or imprisonment or both, and jeopardizing any resulting registration. The declaration stated that

Page 4 - COMPLAINT

SMITH FREED & EBERHARD, P.C.
111 S.W. Fifth Avenue, 43rd Floor
Portland, Oregon 97204
Telephone (503) 227-2424
Facsimile (503) 227-2535

Ermisch believed that Southern Wine Group was the owner of the mark, and that to the best of his knowledge, no other person, firm, corporation, or association had the right to use the mark in commerce, either in the identical form thereof or in such near resemblance as to cause confusion, mistake, or to deceive. The declaration also stated that all statements made in the application are true, including the first use in commerce date of August 1, 2000.

20.

Southern Wine Group's application for trademark registration was amended, and included a declaration or verified statement signed by Ermisch on July 10, 2006, under penalty of fine or imprisonment or both, and jeopardizing any resulting registration. This declaration stated that Ermisch believed Southern Wine Group was the owner of the mark, and that to the best of his knowledge, no other person, firm, corporation, or association had the right to use the mark in commerce, either in the identical form thereof or in such near resemblance as to cause confusion, mistake, or to deceive. The declaration also stated that all statements made in the application are true, including the first use in commerce date of August 1, 2000.

21.

When Ermisch signed these declarations on behalf of Southern Wine Group, on information and belief, he knew that Plaintiff was the owner of the La Yunta mark and/or had the right to use the mark in commerce.

22.

Plaintiff and/or his agents applied the La Yunta mark to the bottles of wine that he produced prior to shipping the bottles to the United States in bottles. Neither Ermisch nor Southern Wine Group applied the mark to the goods, nor did either of them produce the goods. Neither Ermisch nor Southern Wine Group controlled the nature and quality of the goods sold under the "La Yunta" mark. In fact, correspondence between Plaintiff and Ermisch explicitly laid out that Plaintiff, the "Managing Director" and "Owner" of the La Yunta Winery would be in charge of quality control of the product, and Ermisch, as Director of SWG Imports, and

Page 5 - COMPLAINT

503 B 1

SMITH FREED & EBERHARD, P.C.
111 S.W. Fifth Avenue, 43rd Floor
Portland, Oregon 97204
Telephone (503) 227-2424
Facsimile (503) 227-2535

Southern Wine Group, "importers of Latin America's finest wines," would be in charge of selling Plaintiff's wine in American stores.

23.

Southern Wine Group was merely a distributor, importer, or other distributing agent of the wine produced by Plaintiff. Southern Wine Group, in pursuing a United States trademark registration, did not submit any of the following documents to the U.S. Patent and Trademark Office prior to registration: written consent from Plaintiff to registration in Southern Wine Group's name; written agreement or acknowledgment between Plaintiff and Southern Wine Group that Southern Wine Group is the owner of the "La Yunta" mark in the United States; or an assignment to Southern Wine Group of Plaintiff's rights in the "La Yunta" mark as to the United States together with the business and good will appurtenant thereto.

24.

Neither Southern Wine Group nor Ermisch were owners of the "La Yunta" brand on or about September 23, 2005, when Ermisch, on behalf of Southern Wine Group, filed the trademark application for registration with the U.S. Patent and Trademark Office, nor are they currently owners of the "La Yunta" brand. Southern Wine Group is an importer and distributor of the "La Yunta" brand of wine.

25.

Southern Wine Group did not disclose its status as a mere importer when it filed its "La Yunta" trademark application. Had this material fact been disclosed, the trademark would not have issued, as ownership is a necessary prerequisite to registration of the mark. This fraudulent omission led directly to the issuance of the trademark registration.

26.

The mark "La Yunta" was first used "in commerce" in February of 2002, when the first shipment of wine was made from Argentina to the United States. On information and belief, it

Page 6 - COMPLAINT

503 B 1

was not used in commerce at any time prior to that, including in August of 2000, as alleged in Southern Wine Group's application for registration.

27.

Defendants' statements and omissions were made with the intent to deceive the U.S. Patent and Trademark Office, as the registration would not have issued if Ermisch and/or Southern Wine Group did not fraudulently declare that Southern Wine Group was the owner of the "La Yunta" mark. The U.S. Patent and Trademark Office relied upon Defendants' material false statements in issuing the registration, and would not have allowed the issuance of Registration No. 3,217,144 absent Defendants' knowingly false statements.

28.

As a direct and proximate result of Defendants' fraudulent registration of Plaintiff's "La Yunta" trademark, Plaintiff has suffered irreparable harm and damages in an amount to be determined at trial, which may consist of lost profits, lost business opportunities, loss of goodwill, and added business expenses.

## SECOND CLAIM FOR RELIEF

## (CANCELLATION OF TRADEMARK REGISTRATION)

29.

Plaintiff Norberto Moreno realleges each of the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30.

Southern Wine Group, through Ermisch, filed the application which led to the U.S. Patent and Trademark Office "La Yunta" registration, Registration No. 3,217,144, which was issued on or about March 13, 2007. Southern Wine Group, as a mere importer or distributor, had no basis for its assertion of ownership as of the filing date. Therefore, the application and subsequent registration is void, and the "La Yunta" trademark should be canceled.

///

Page 7 - COMPLAINT

503 B 1

SMITH FREED & EBERHARD, P.C.
111 S.W. Fifth Avenue, 43rd Floor
Portland, Oregon 97204
Telephone (503) 227-2424
Facsimile (503) 227-2535

31.

Defendants knowingly made false statements and omissions with the intent to deceive the U.S. Patent and Trademark Office, including that Southern Wine Group was the owner of the "La Yunta" mark. The U.S. Patent and Trademark Office relied upon Defendants' material false statements in issuing the registration, and would not have allowed the issuance of Registration No. 3,217,144 absent Defendants' knowingly false statements.

32.

As a result of Defendants' willful false material statements and willful intent to deceive the U.S. Patent and Trademark Office, Southern Wine Group's "La Yunta" trademark registration, Registration No. 3,217,144, should be canceled.

## THIRD CLAIM FOR RELIEF

## (COMMON LAW TRADEMARK INFRINGEMENT)

33.

Plaintiff realleges each of the allegations contained in Paragraphs 1 through 32 as if fully set forth herein.

34.

Plaintiff is the owner of common law trademark rights to the mark "La Yunta" for wine, which Plaintiff has used in commerce in Oregon and across the United States.

35.

Plaintiff's first use in commerce of the "La Yunta" mark was through his importers and distributors, including Ermisch and Southern Wine Group, whose use of the mark inured to the benefit of Plaintiff, the mark's owner.

36.

Defendants' misappropriation of Plaintiff's trademark is likely to lead the public to conclude, incorrectly, that Defendants' goods originate from or are authorized by Plaintiff, which has damaged both Plaintiff and the public.

Page 8 - COMPLAINT

503 B 1

SMITH FREED & EBERHARD, P.C.
111 S.W. Fifth Avenue, 43rd Floor
Portland, Oregon 97204
Telephone (503) 227-2424
Facsimile (503) 227-2535

37.

Defendants' unauthorized use of Plaintiff's "La Yunta" mark in interstate commerce constitutes trademark infringement under the common law and is likely to cause consumer confusion, mistake, or deception.

38.

As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer loss of income, profits, and goodwill, and Defendants have and will continue to unfairly acquire income, profits, and goodwill that are rightfully Plaintiff's.

## FOURTH CLAIM FOR RELIEF

## (INJUNCTIVE RELIEF)

39.

Plaintiff realleges each of the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40.

As a result of Defendants' fraudulent registration of Plaintiff's "La Yunta" trademark with the U.S. Patent and Trademark Office, Plaintiff is precluded from importing his own La Yunta wine into the United States.

41.

Plaintiff has been irreparably harmed by Defendants' actions, and Plaintiff has no adequate remedy at law.

42.

Plaintiff is entitled to an injunction barring Defendants from importing wine, from any source other than Plaintiff, under the name "La Yunta."

43.

Plaintiff is entitled to an injunction barring Defendants from labeling and/or selling any wine that was not created by Plaintiff as "La Yunta."

Page 9 - COMPLAINT

SMITH FREED & EBERHARD, P.C.
111 S.W. Fifth Avenue, 43rd Floor
Portland, Oregon 97204
Telephone (503) 227-2424
Facsimile (503) 227-2535

44.

Plaintiff will continue to suffer irreparable harm if the acts of Defendants are not temporarily and permanently enjoined.

## FIFTH CLAIM FOR RELIEF

## (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP)

45.

Plaintiff realleges each of the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46.

Plaintiff had a business and contractual relationship with Ermisch, and with which Southern Wine Group has interfered.

47.

Southern Wine Group was aware of Ermisch's contractual obligations to Plaintiff and knowingly and without justification interfered with those obligations, inducing a breach or causing a further breach.

48.

Southern Wine Group's interference was malicious, wrongful, or intentional and the interference was not justified, privileged, or otherwise excusable.

49.

As a direct and proximate result of Southern Wine Group's tortious interference with Plaintiff's business and contractual relationships, Plaintiff has suffered irreparable harm and damages in an amount to be determined at trial.

/ / /

/ / /

/ / /

/ / /

Page 10 - COMPLAINT

SMITH FREED & EBERHARD, P.C.
111 S.W. Fifth Avenue, 43rd Floor
Portland, Oregon 97204
Telephone (503) 227-2424
Facsimile (503) 227-2535

## SIXTH CLAIM FOR RELIEF

## (BREACH OF CONTRACT)

### 50.

Plaintiff realleges each of the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

### 51.

The Wine Commercialization Agreement between Plaintiff and Ermisch is a binding contract.

### 52.

Plaintiff has fulfilled all material obligations that he may have had under the Wine Commercialization Agreement.

### 53.

The First Paragraph of the Wine Commercialization Agreement states that Ermisch will pay Plaintiff fifty percent of the profits of the sale of La Yunta in the United States. Furthermore, the Sixth Paragraph states that such payments will be made within fifteen days of Ermisch receiving payment from the buyer(s).

### 54.

On information and belief, Ermisch and/or Southern Wine Group sold all of the wine they imported from Plaintiff in the United States.

### 55.

In violation of the contractual provisions, Ermisch did not pay Plaintiff his share of the profits he was due under the Wine Commercialization Agreement.

### 56.

As a direct and proximate result of Ermisch's breach of the Wine Commercialization Agreement with Plaintiff, Plaintiff has suffered irreparable harm and damages in an amount to be

Page 11 - COMPLAINT

SMITH FREED & EBERHARD, P.C.
111 S.W. Fifth Avenue, 43rd Floor
Portland, Oregon 97204
Telephone (503) 227-2424
Facsimile (503) 227-2535

determined at trial, which may consist of lost profits, lost business opportunities, and added business expenses.

WHEREFORE, Plaintiff prays for judgment in his favor as follows:

1.      Cancelling the "La Yunta" U.S. Trademark, Registration Number 3,217,144, fraudulently obtained by Southern Wine Group;

2.      Preliminarily and permanently enjoining Defendants from selling La Yunta wine that was not made by Plaintiff;

3.      Ordering that all infringing articles, including but not limited to bottles of wine, labels, signs, prints, packages, wrappers, and advertisements in possession of Defendants bearing the mark "La Yunta" and all computer files and other means of making the same shall be delivered up and destroyed;

4.      Awarding Plaintiff damages in an amount to be determined at trial;

5.      Awarding Plaintiff attorney fees, as this is an exceptional case;

6.      Awarding Plaintiff costs, disbursements, interest, and prejudgment interest;

7.      Awarding Plaintiff punitive damages, as this is an exceptional case;

8.      And for such other relief as the Court may deem just and proper.

Dated this 14th day of July, 2011.

SMITH FREED & EBERHARD P.C.

By: _____
John M. Kreutzer, OSB# 973069
Email: jkreutzer@smithfreed.com
Of Attorneys for Plaintiff

Page 12 - COMPLAINT

503 B 1