**Kurt M. Rylander**, OSB No. 94427
rylander@rylanderlaw.com
**RYLANDER & ASSOCIATES PC**
PO Box 250
Vancouver, WA  98666
Tel: 360.750.9931
Fax: 360.397.0473
Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| **NORBERTO MORENO,**<br><br>Plaintiff(s),<br><br>v.<br><br>**SOUTHERN WINE GROUP, LLC,**<br>an Oregon company, and<br>**CHRISTOPHER KIRK ERMISCH**,<br>a person.<br><br>Defendant(s), | No. 3:11-cv-6227-TC<br><br>DEFENDANTS' ANSWER AND<br>AFFIRMATIVE DEFENSES |

Defendants SOUTHERN WINE GROUP, LLC, and CHRISTOPHER KIRK ERMISCH hereby respond to Plaintiff's Complaint as follows:

## ANSWER

1.  No response is required to the allegations of paragraph 1.

2.  Defendants admit the first sentence of paragraph 2. Defendants deny the remainder of the allegations of paragraph 2.

3.  Admit.

1— **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
   **(11-cv-6227-TC)**
   8/15/2011 3:47:39 PM SOUW.001



4. Admit

5. Defendants deny paragraph 5.

6. Defendants respond to the allegations of paragraph 6 as follows:

As to the first sentence of paragraph 6, Defendants admit the first sentence except to allege that the first meeting with Plaintiff occurred around August 2000.

As to the second sentence of paragraph 6, Defendants admit the second sentence.

As to the third sentence of paragraph 6, Defendants deny that Torrontes was made by Moreno. The original blend of Torrontes was made in La Riojana's lab by Ermisch and Ross Whiteford, an Australian consultant to Cooperativa La Riojana. While Plaintiff was present as an observer, Ermisch made the winemaking decisions and kept the wine tasting notes.

7. Defendants respond to the allegations of paragraph 7 as follows:

Defendants are without knowledge or information to support a belief as to the truth or veracity of the first sentence of paragraph 7, and therefore denies the same.

Defendants are without knowledge or information to support a belief as to the truth or veracity of the second sentence of paragraph 7, and therefore denies the same.

Defendants admit that the phrase in the third sentence of

2— DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
(11-cv-6227-TC)
8/15/2011 3:47:39 PM SOUW.001



paragraph 7 is one interpretation of the term "La Yunta".

Defendants are without knowledge or information to support a belief as to the truth or veracity of the fourth sentence of paragraph 7, and therefore denies the same, except to state that Plaintiff did not at any time own any wineries having a wine labeled La Yunta.

Defendants deny the remainder of paragraph 7.

8.    Defendants deny paragraph 8, except to state as follows:

While Moreno contacted the designer first for label work, the brand idea was developed completely by Ermisch. Ermisch and his wife's girlfriend came up with use of Guanacos (like llamas) for the label. Ermisch suggested water color image, and sat next to the designer and told the designer exactly what to do. Ermisch determined look and orientation of Guanacos, and added mountains behind brand image. Ermisch determined label size.  Moreno's statements to the contrary are complete falsehoods. Based on an email from May, 2003, it appears that the designer wasn't even paid until Ermisch sent Moreno money to do so. Ermisch still has all the original label idea proofs. Moreno does not, because he was not the label creator.

9.    Defendants deny paragraph 9, except to state as follows:

Ermisch worked via email to complete artwork image. Ermisch wrote back label copy and wrote legal mandatory text. Ermisch approved the label at the BATF. Labels were printed in Mendoza,

Argentina.

10. Defendants admit paragraph 10, with the qualification that the first shipment may have been in Fall 2001

11. Defendants admit that Plaintiff fraudulently registered Defendants' mark La Yunta in Argentina without Defendant's knowledge, and that upon being confronted, admitted he had done it for convenience and would properly make correction to put Defendants name on the registration. Defendants deny the remainder of paragraph 11.

12. Defendants deny paragraph 12 except to state as follows:

 Plaintiff never shipped his own wine. Plaintiff did not own a winery. Defendants received wine from Argentinean wineries FOB Mendoza Argentina, and shipped them to the United States. Defendants' believe the first shipment may have been February 2002 or earlier.

13. Defendants admit that in approximately 2005 Ermisch suggested importing from Argentina bulk unbottled wine for fractioning or bottling. Defendants deny the remainder of the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14, except to state as follows:

 Defendants were forced to switch wineries from Elias Hijos due to the quality of the Torrontes, but Plaintiff did not want to return to La Riojana because he had several personal issues with the staff there,



and La Riojana didn't like dealing with Plaintiff because of his difficult personality.

15.   Admit

16.   Defendants deny that Ermisch offered Plaintiff $12,000 for U.S. brands or trademarks. At no time has Plaintiff ever had US brand or trademark rights. Defendants learned that Moreno had filed an Argentinian La Yunta registration without Defendants knowledge, and that when confronted, Plaintiff stated he would properly add Defendants name to the registration. Plaintiff however failed to do so. Defendants tried to buy Moreno's fraudulently obtained brand rights as the registration was preventing Defendants from exporting bottled label product to other countries, and was preventing Defendants from selling LA YUNTA in Argentina. Moreno verbally agreed in a personal face to face meeting with Defendants' Argentine attorney present but then at the last minute changed his mind.

17.   Admit

18.   Defendants reallege their responses to paragraphs 1-17

19.   Admit.

20.   Admit.

21.   Denied.

22.   Denied.

23.   Denied.

24.   Denied.

5— DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
(11-cv-6227-TC)
8/15/2011 3:47:39 PM SOUW.001



Case 6:11-cv-06227-TC   Document 6   Filed 08/15/11   Page 6 of 9   Page ID#: 31

25. Denied.

26. Defendants contend that paragraph 26 calls for a legal conclusion to which no response is required.

27. Denied.

28. Denied.

29. Defendants reallege their responses to paragraphs 1-28

30. Denied.

31. Denied.

32. Denied

33. Defendants reallege their responses to paragraphs 1-32

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Defendants reallege their responses to paragraphs 1-38

40. Denied.

41. Denied.

42. Denied.

43. Denied

44. Denied.

45. Defendants reallege their responses to paragraphs 1-44.

6— DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
(11-cv-6227-TC)
8/15/2011 3:47:39 PM SOUW.001



46.   Defendants admit that an Argentinean contract, the Wine Commercialization Agreement, existed between Ermisch and Moreno, which was being performed in Argentina, with Moreno's knowledge, by Southern Wine Group. Defendants deny the remainder of paragraph 46.

47.   Denied.

48.   Denied.

49.   Denied.

50.   Defendants reallege their responses to paragraphs 1-49

51.   Defendants admit that the Argentinean Wine Commercialization Agreement, valid and controlled by Argentinean law and jurisdiction existed between Defendants and Plaintiff.

52.   Denied.

53.   Denied.

54.   Denied.

55.   Denied.

56.   Denied.

Defendants deny the WHEREFORE paragraph and sub clauses in their entirety.

**AFFIRMATIVE DEFENSES**

1.   Argentinean law controls all disputes related to the Argentinean Wine Commercialization Agreement between the parties.

2.   Plaintiff's complaint is barred by the relevant statutes of

7— DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
(11-cv-6227-TC)
8/15/2011 3:47:39 PM SOUW.001

RYLANDER
& ASSOCIATES PC
405 West 12th Street
Vancouver, WA 98660
(360) 735-9931

limitations.

3. Plaintiff's complaint fails to state a claim upon which relief may be based.

4. Plaintiff's complaint fails to allege sufficient facts to pleading a cause of action.

5. Plaintiff's complaint is barred by improper venue.

6. Plaintiff's complaint is barred by laches.

7. Plaintiff's complaint is barred by waiver.

8. Plaintiff's complaint should be dismissed because the parties bindingly chose Argentina as the exclusive law and forum for all disputes related to any agreement between them

9. Plaintiff materially and fatally breached the agreement between the parties, excusing any subsequent breach by Defendants.

10. Plaintiff's claims for damages should be set off by the damages suffered by Defendants for Plaintiff's prior material breaches.

/// ///

/// ///

/// ///

/// ///

/// ///

/// ///

8— DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
(11-cv-6227-TC)
8/15/2011 3:47:39 PM SOUW.001



WHEREFORE, Defendants pray as follows:

1. That Plaintiff's complaint be dismissed with prejudice;

2. That Plaintiff be ordered to pay Defendants' reasonable attorneys fees and costs; and

3. For such other and further relief as justice and equity provides.

DATED This August 15, 2011   /s/ Kurt M. Rylander
KURT M. RYLANDER, OSB 94427

RYLANDER & ASSOCIATES PC
PO Box 250
Vancouver, WA 98666
Tel: (360) 750-9931
Fax: (360) 397-0473
E-mail: rylander@rylanderlaw.com
Of Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date signed below I electronically filed the document to which this certificate is attached with the clerk of the court using the CM/ECF system, which will send email notification of such filing to Attorneys for Plaintiff:

John M. Kreutzer at jkreutzer@smithfreed.com .

DATED This August 15, 2011   /s/ Kurt M. Rylander
Kurt M. Rylander
Rylander & Associates PC
Of Attorneys for Defendants,

9— DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
(11-cv-6227-TC)
8/15/2011 3:47:39 PM SOUW.001

