**Kurt M. Rylander**, OSB No. 94427
rylander@rylanderlaw.com
**RYLANDER & ASSOCIATES PC**
PO Box 250
Vancouver, WA  98666
Tel: 360.750.9931
Fax: 360.397.0473
Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **NORBERTO MORENO,**<br><br>Plaintiff(s),<br><br>v.<br><br>**SOUTHERN WINE GROUP, LLC,**<br>an Oregon company, and<br>**CHRISTOPHER KIRK ERMISCH**,<br>a person.<br><br>Defendant(s), | No. 3:11-cv-6227-TC<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS |

The Court should deny Plaintiff's last minute request for a second extension of time to respond to Defendants' motion to dismiss. Plaintiff requests a second extension contending that Plaintiff is travelling out of the country for a wedding of Plaintiff's son. However, during Plaintiff's first request for an extension of time, at the end of August, to which Defendants graciously agreed, Plaintiff did not mention of this planned wedding travel. Nor is this timely requested, but instead only on the day the response is due.

1—DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS  **(11-cv-6227-TC)**
9/16/2011 12:36:29 PM SOUW.001

RYLANDER
& ASSOCIATES PC
406 West 12th Street
Vancouver, WA 98660
(360) 750-9931

Additionally, Plaintiff disingenuously fails to inform the Court that Plaintiff's son and fiancé, live **in Portland, Oregon**! The travel that takes Plaintiff out of country, Argentina, is travel **to the United States**. In fact, the wedding occurred in Las Vegas on September 10, 2011. The wedding registry was at Macy's in Oregon. Plaintiff is just trying to delay the inevitable and is not being candid or forthcoming to the Court.

Plaintiff's motion lacks "good cause". *See Hernandez v. Mario's Auto Sales, Inc.,* 617 F. Supp. 2d 488, 491-92 (S.D. Tex. 2009) (plaintiff's scheduled family vacation is not good cause for a protective order to extend the time for a deposition of the plaintiff). "Good cause" to extend a deadline requires at a minimum that "'the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Corkrey v. Internal Revenue Serv.*, 192 F.R.D. 66, 67 (N.D.N.Y. 2000) (quoting *Robinson v. Town of Colonie,* No. 91–CV–1355, 1993 WL 191166, at *3 (N.D.N.Y. June 3, 1993). Here, Plaintiff has not even made any attempt to show diligence, let alone good cause. Because clearly diligence is wholly absent.

Plaintiff's motion is not for "good cause" and should be dismissed and the merits of Defendants' solid motion to dismiss ruled upon

DATED This <u>September 16, 2011</u>     /s/ Kurt M. Rylander  
                                                               KURT M. RYLANDER, OSB 94427  
                                                               RYLANDER & ASSOCIATES PC  
                                                               PO Box 250  
                                                               Vancouver, WA 98666  
                                                               Tel: (360) 750-9931  
                                                               E-mail: rylander@rylanderlaw.com  
                                                               Of Attorneys for Defendants

